IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Peter D. Protopapas, *as the Receiver for Payne & Keller Company*, | C/A No. 3:21-cv-04086-DCC |
| Plaintiff, | |
| v. | **OPINION AND ORDER** |
| Zurich American Insurance Company; Travelers Casualty & Surety Company, *formerly known as Aetna Casualty & Surety Company*; Continental Insurance Company; National Union Fire Insurance Company of Pittsburgh, PA; Medmarc Casualty Insurance Company; Berkshire Hathaway Specialty Insurance Company, *formerly known as Stonewall Insurance Company*; Lexington Insurance Company; Certain Underwriters at Lloyd's of London and Various London Market Companies; South Carolina Property and Casualty Insurance Guaranty Association; First State Insurance Company; and Birmingham Fire Insurance Company. | |
| Defendants.[1] | |

This matter is before the Court on Plaintiff's Motion to Remand. ECF No. 24. The Motion was referred to United States Magistrate Judge Paige J. Gossett for pre-trial handling and a Report and Recommendation ("Report"). ECF No. 154. On October 4,

---

[1] Defendants R.L. Jarrett (Underwriting) Agency, Inc. and U.S. Risk, LLC have been deleted from the caption to reflect their dismissal as parties to this action. ECF Nos. 176, 177.

2022, the Magistrate Judge held a hearing on the Motion. ECF No. 163. On October 20, 2022, the Magistrate Judge issued a Report recommending that the Motion to Remand be granted because not all properly joined and served Defendants validly joined in or consented to removal as required by 28 U.S.C. § 1446(b)(2)(A). ECF No. 167. Plaintiff filed objections to the Report. ECF No. 169. Defendant Travelers Casualty and Surety Company ("Travelers") filed a partial objection to the Report, in which Defendants Zurich American Insurance Company, Medmarc Casualty Insurance Company, and U.S. Risk, LLC (collectively, "the Objecting Defendants") joined. ECF Nos. 168, 170, 171, 172. Plaintiff and the Objecting Defendants filed Replies. ECF Nos. 173, 174, 175.

## **BACKGROUND**

Plaintiff filed this action in the Richland County Court of Common Pleas on November 23, 2021, as the Receiver for Payne & Keller, a defunct corporation facing personal injury lawsuits by non-party claimants who were allegedly exposed to asbestos. ECF No. 1-1. Defendants removed the case to this Court on December 20, 2021, based on diversity jurisdiction under 28 U.S.C. § 1332. ECF No. 1.

On January 18, 2022, Plaintiff filed a Motion to Remand. ECF No. 24. Defendants filed Responses in Opposition, Plaintiff filed a Reply, and Defendants filed a Sur-Reply. ECF Nos. 47, 48, 49, 50, 52, 118, 145, 150. Both parties also filed supplemental briefing, and Travelers filed a Reply to Plaintiff's Supplement. ECF Nos. 141, 142, 143, 144. On October 20, 2022, the Magistrate Judge issued a Report recommending that the Motion to Remand be granted. ECF No. 167. Plaintiff and the Objecting Defendants filed

objections to the Report as well as Replies to the objections. ECF Nos. 168, 169, 170, 171, 172, 173, 174, 175.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 96 S. Ct. 549, 46 L. Ed. 2d 483 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

## DISCUSSION

The Report contains a thorough recitation of the facts and the applicable law, which the Court incorporates by reference, except as specifically noted below. Because neither Plaintiff nor Defendants object to the Magistrate Judge's finding that Defendant South Carolina Property and Casualty Insurance Guaranty Association was fraudulently joined,

the Court finds no clear error concerning this portion of the Report and adopts the Report's finding that diversity jurisdiction exists.

### A. Removal Generally

28 U.S.C. § 1441(a) provides, "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States . . . ." Removal under § 1441(a) is governed by the requirements of 28 U.S.C. § 1446(b)(2)(A), which instruct that "[w]hen a civil action is removed solely under section 1441(a), *all* defendants who have been *properly joined and served* must join in or consent to the removal of the action." *Id.* (emphasis added); *see also Hartford Fire Ins. Co. v. Harleysville Mut. Ins. Co.*, 736 F.3d 255, 259 (4th Cir. 2013) (noting "[t]he Supreme Court has construed these statutes to require all defendants in a case to join in or consent to removal"). "The burden of establishing federal jurisdiction is placed on the party seeking removal." *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994) (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921)). Because removal jurisdiction raises significant federalism concerns, courts must strictly construe removal jurisdiction. *Bartnikowski v. NVR, Inc.*, 307 F. App'x 730, 739 (4th Cir. 2009). Thus, remand is necessary if federal jurisdiction is doubtful. *Mulcahey*, 29 F.3d at 151 (citing *In re Business Men's Assur. Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993)).

### B. Plaintiff's Objections

Plaintiff objects to the Magistrate Judge's interpretation of the *Barton* doctrine, insisting that the *Barton* doctrine bars a party from litigating a claim of or against a court-appointed receiver without first obtaining leave of the appointing court based on the Supreme Court's decision in *Porter v. Sabin*, 149 U.S. 473, 479–80 (1893). ECF No 169 at 5. The Court agrees. Albeit old law, *Porter* is clear that it is in the appointing court's discretion "to decide whether it will determine for itself all claims of or against the receiver, or will allow them to be litigated elsewhere" and that the appointing court "may direct claims in favor of the corporation to be sued on by the receiver in other tribunals, or may leave him to adjust and settle them without suit." *Porter*, 149 U.S. at 479. *Porter* further states "[t]he reasons are yet stronger for not allowing a suit against a receiver appointed by a state court to be maintained, or the administration by that court of the estate in the receiver's hands to be interfered with, by a court of the United States, deriving its authority from another government, though exercising jurisdiction over the same territory." *Id.* at 480.

Here, the receivership court has appointed a receiver who is attempting to preserve and collect assets of the defunct corporation as part of his fiduciary duty. This Court finds that *Barton*, and its subsequent application in *Porter*, act as a limitation on federal jurisdiction when a state court has previously exercised its authority by appointing a receiver to handle the administration of property; to allow this matter to continue in federal court would directly interfere with the exclusive jurisdiction of the receivership

court over this dispute. Accordingly, Plaintiff's objections are sustained, and the Court respectfully declines to adopt this section of the Report.

### C. Objecting Defendants' Partial Objection

The Objecting Defendants challenge the Magistrate Judge's determination that they have failed to meet the requirements for removal under 28 U.S.C. § 1446(b)(2)(A). ECF No. 167 at 14. They argue first that under *Mayo v. Board of Education*, 713 F.3d 735, 741–42 (4th Cir. 2013), they have met this Circuit's standard for obtaining proper consent. ECF No. 168 at 3. Relying on *Mayo*, they assert that, because Defendant Travelers signed and filed a notice of removal "representing unambiguously that the other defendants consent[ed] to the removal," removal was proper under the Fourth Circuit's requirements. *Id.* However, this matter is distinguishable from *Mayo,* which concerned the risk of one defendant misrepresenting a co-defendant's decision to remove the case. *Mayo*, 713 F.3d at 742. The *Mayo* court's analysis is based on the premise that the defendants retained their right to remove and exercised their option to invoke that right, in contrast to the matter at hand. Simply because Defendants in this case have all authorized the removal of their case to federal court via a signed affidavit does not necessarily mean they each retained a right to do so and that their authorization was valid; Defendant Berkshire Hathaway's "service of suit" clause effectively waived its right to validly consent to removal for the reasons set forth below. As such, Defendants' affidavit does not satisfy the Fourth Circuit's standard for establishing compliance with 28 U.S.C. § 1446(b)(2)(A)'s requirements that all defendants who have been properly joined and served must join in or consent to the removal of the action.

The Objecting Defendants also argue that the Policy's "service of suit" clause does not act as a bar to removal. ECF No. 168 at 2. Specifically, they argue that 1) Plaintiff has provided limited evidence that this provision is in any other Defendants' policy; 2) the clause's jurisdictional language should be interpreted as a waiver of personal jurisdiction alone, rather than a waiver of one's right to remove to federal court, and 3) that Plaintiff has not sufficiently pled his complaint to trigger the clause's necessary "triggering events." *Id.* at 4–12. Upon review, the Court finds Plaintiff has provided sufficient evidence to merit remand. Plaintiff's allegations in conjunction with his filed supplement suggest to the Court that at least one Defendant (Berkshire Hathaway) is unable to consent to removal. ECF Nos. 141, 141-1. While there is a dispute as to which other, if any, Defendants have a "service of suit" clause with Plaintiff, Plaintiff has sufficiently established that Defendant Berkshire Hathaway is bound by one and thus could not consent to removal.

The "service of suit" language in Defendant Berkshire Hathaway's policy has been widely litigated across this Circuit, with courts consistently finding the clause acts as a waiver of an insurer's right to remove a case from the forum selected by the plaintiff. *See C3 Invs. of N.C., Inc. v. Ironshore Specialty Ins. Co.*, No. 2:19-cv-2609-DCN, 2020 U.S. Dist. LEXIS 24498, at *11 (D.S.C. Feb. 12, 2020) ("Most courts that have enforced service-of-suit provisions have done so in the context of removal, finding that an insurer waives its right to remove a matter to federal court where the relevant policy includes a service-of-suit provision and the insured brought suit in state court."); *see also Welborn v. Classic Syndicate Inc.*, 807 F. Supp. 388, 390 (W.D.N.C. 1992) ("Based upon the numerous cases which have held that service of suit clauses such as the one at issue

7

here act as waivers of the right to remove, the Court finds that the defendants have waived their removal rights in the insurance contract."); *Black & Decker, Inc. v. Twin City Fire Ins. Co.*, No. HAR 92-3352, 1993 U.S. Dist. LEXIS 2838, at *11 (D. Md. Feb. 9, 1993) ("[T]he specific language of the Service of Suit Clause, 'and will comply with all requirements to give such Court jurisdiction,' implies that [defendants] would not avail themselves of procedures like 28 U.S.C. § 1441(a) which would deprive a court of [the plaintiff's] choosing the opportunity to adjudicate the case."); *United States Fire Ins. Co. v. Arch Specialty Ins. Co.*, No. WDQ-08-1249, 2008 U.S. Dist. LEXIS 125175, at *6 (D. Md. July 15, 2008) ("Inclusion of a Service of Suit Clause in an insurance policy generally waives an insurer's right of removal."). This application is not unique to the Fourth Circuit, as multiple other circuits have held that "service of suit" provisions have acted as a waiver of a defendant's right to removal. *See, e.g., Suter v. Munich Reinsurance Co.*, 223 F.3d 150, 160 (3d Cir. 2000); *McDermott Int'l, Inc. v. Lloyds Underwriters of London*, 944 F.2d 1199, 1206 (5th Cir. 1991); *In re Delta Am. Re Ins. Co.*, 900 F.2d 890, 894 (6th Cir. 1990). Based upon this Circuit's case law, the Court agrees that Defendant Berkshire Hathaway's "service of suit" clause acts as a waiver of its right to remove.

Next, the Objecting Defendants contend that the "service of suit" clause should be interpreted as a waiver of personal jurisdiction, rather than a waiver of its right to remove, based upon the remaining paragraphs listed in the "Service of Suit" section that detail how service of process should be perfected. ECF No. 168 at 6–7. They argue that for the right to removal to be waived, it must have been "clear and unequivocal," citing both *Grubb v. Donegal Mutual Insurance Company*, 935 F.2d 57, 59 (4th Cir. 1991) and

8

*London Manhattan Company v. CSA-Credit Solutions of America, Incorporated*, No. 2:08-cv-00465-PMD, 2008 U.S. Dist. LEXIS 38163, at *9 (D.S.C. May 9, 2008). ECF No. 168 at 9.

However, the facts of these cases are significantly different from the facts at hand. *Grubb* deals exclusively with a litigation-based waiver premised on the defendant's failure to immediately assert their right to removal after the dismissal of a necessary party. *Grubb*, 935 F.2d at 58. *London*, on the other hand, disputed whether a clause agreeing that the forum would be in "Charleston County, South Carolina" could include a federal court within Charleston County or whether the clause exclusively meant the state court. *London*, 2008 U.S. Dist. LEXIS 38163, at *2. Neither address contractual waiver, much less one that explicitly states that a party would "submit to the jurisdiction of any court of competent jurisdiction," as is the case here. ECF No. 167 at 14. In fact, other courts in this Circuit have held the "clear and unequivocal" standard cited by the Objecting Defendants is not appropriate in the realm of similar contractual waivers. *See, e.g., Welborn,* 807 F. Supp. at 390–91 ("We think the 'clear and convincing' [sic] standard so stringent as to be contrary to the right of parties to contract in advance regarding where they will litigate. A court simply should determine contractual waiver of the right to remove using the same benchmarks of construction and, if applicable, interpretation as it employs on resolving all preliminary contractual questions." (*citing Foster v. Chesapeake Ins. Co., Ltd.*, 933 F.2d 1207, 1218 n.15 (3d Cir. 1991))).

As such, courts should "resolve any such ambiguity against the insurer and in favor of the insured party." *Am. S.S. Owners Mut. Prot. & Indem. Ass'n v. Dann Ocean Towing,*

9

*Inc.*, 756 F.3d 314, 319 (4th Cir. 2014); *see also Welborn*, 807 F. Supp. at 391 *(*"Applying the basic contract construction principle that any ambiguities in a contract are to be resolved against the party who drafted the contract, this Court finds that the service of suit clause in the insurance contract waived the defendants' right to remove."); *Black & Decker, Inc.*, 1993 U.S. Dist. LEXIS 2838, at *11 ("Finally, had the sophisticated [Defendants], not unfamiliar with the insurance industry's widespread experience with the effects of Service of Suit clauses, desired to reserve the right of removal, they could have bargained for a clause 'reserving the insurer's right to remove to federal court.'" (internal citations omitted)). This Court likewise concludes that the "service of suit" clause waives removal and that any ambiguities as to the meaning of the clause should be resolved in favor of the insured.

Lastly, the Objecting Defendants argue the "triggering events" necessary for the "service of suit" clause to be applicable have not yet occurred, making any effect the clause has irrelevant. ECF No. 168 at 9–11. However, the Court agrees with the Magistrate Judge that this argument disregards Plaintiff's allegations. *See* ECF No. 1-1 at 16, 18 (expressly alleging that the Lloyds Defendants and Defendant Berkshire Hathaway have "failed to fully acknowledge or accept their insuring obligations"); *id.* at 27–30 (seeking damages against all defendants); *see also* ECF No. 23 at 16, 20 (same).

Given the waiver, and thus the inability to obtain valid consent from all defendants, Defendants have not adequately demonstrated they meet the requirement under § 1446(b)(2)(A) that all properly joined and served Defendants must join in or consent to

the removal of the action. Accordingly, the Objecting Defendants' partial objection to the Report is overruled.

## CONCLUSION

For the reasons set forth above, the Court **SUSTAINS** Plaintiff's Objections [169], **OVERRULES** the Objecting Defendants' Partial Objection [168], and **ADOPTS IN PART** and respectfully **DECLINES TO ADOPT IN PART** the Report [167]. Accordingly, Plaintiff's Motion to Remand [24] is **GRANTED**.  This case is hereby remanded to the Richland County Court of Common Pleas.

IT IS SO ORDERED.

                                        s/ Donald C. Coggins, Jr.
                                        United States District Judge

February 24, 2023
Spartanburg, South Carolina